1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   JONATHAN LEE RICHES,                    )        No. C 07-6159 MJJ (PR)
                                            )
10          Plaintiff,                      )        **ORDER OF DISMISSAL**
                                            )
11       v.                                 )
                                            )
12   JOSE CANSECO,                          )
                                            )
13          Defendant.                      )
     _____ )

14

15       Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42

16   U.S.C. § 1983 against Jose Canseco ("Canseco").

17       A federal court must conduct a preliminary screening in any case in which a prisoner seeks

18   redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §

19   1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

20   are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

21   relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2).  Pro se pleadings

22   must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

23   (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

24   elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

25   (2) that the alleged violation was committed by a person acting under the color of state law. See

26   West v. Atkins, 487 U.S. 42, 48 (1988).

27       Plaintiff alleges that Canseco uses proceeds from a book Canseco wrote in order to buy

28   G:\PRO-SE\MJJ\CR.07\riches65.dsm.wpd

**United States District Court**
For the Northern District of California

1 steroids, that Canseco received steroids from the Governor of California, and that Canseco

2 distributed steroids to the Warden and the guards at plaintiff's prison.  As Jones is a private

3 individual, he does not act under color of state law, an essential element of a § 1983 action.

4 See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how

5 wrongful, is not covered under § 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547,

6 559 (9th Cir. 1974).  Accordingly, plaintiff has failed to state a cognizable claim for relief

7 under § 1983.

8         For the foregoing reasons, this action is DISMISSED.

9         The Clerk shall close the file.

10        IT IS SO ORDERED.

11 DATED: December 21, 2007        _____
                                   MARTIN J. JENKINS
12                                 United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\PRO-SE\MJJ\CR.07\riches65.dsm.wpd        2

**United States District Court**
For the Northern District of California