| | |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |
| | 16 |
| | 17 |
| | 18 |
| | 19 |
| | 20 |
| | 21 |
| | 22 |
| | 23 |
| | 24 |
| | 25 |
| | 26 |
| | 27 |
| | 28 |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LEE RICHES,  )   No. C 07-6159 MJJ (PR)
                      )
    Plaintiff,        )   **ORDER OF DISMISSAL**
                      )
  v.                  )
                      )
JOSE CANSECO,         )
                      )
    Defendant.        )
_____)

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Jose Canseco ("Canseco").

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Canseco uses proceeds from a book Canseco wrote in order to buy

G:\PRO-SE\MJJ\CR.07\riches65.dsm.wpd

1  steroids, that Canseco received steroids from the Governor of California, and that Canseco
2  distributed steroids to the Warden and the guards at plaintiff's prison.  As Jones is a private
3  individual, he does not act under color of state law, an essential element of a § 1983 action.
4  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how
5  wrongful, is not covered under § 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547,
6  559 (9th Cir. 1974).  Accordingly, plaintiff has failed to state a cognizable claim for relief
7  under § 1983.
8      For the foregoing reasons, this action is DISMISSED.
9      The Clerk shall close the file.
10     IT IS SO ORDERED.
11 DATED: December 21, 2007   _____
                                MARTIN J. JENKINS
12                              United States District Judge